**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

James Anthony Primus, Appellant,

v.

South Carolina Department of Corrections, Respondent.

Appellate Case No. 2020-001252

_____

Appeal From The Administrative Law Court
Milton G. Kimpson, Administrative Law Judge

_____

Unpublished Opinion No. 2022-UP-048
Submitted February 1, 2022 – Filed February 9, 2022

_____

**AFFIRMED**

_____

James Anthony Primus, pro se.

Imani Diane Byas, of South Carolina Department of Corrections, of Columbia, for Respondent.

_____

**PER CURIAM:** James A. Primus appeals an order from the Administrative Law Court (the ALC), arguing the ALC erred by affirming the South Carolina Department of Corrections' (SCDC's) calculation of his sentence.

The evidence supports the ALC's finding that SCDC properly calculated Primus's sentence stemming from his conviction for kidnapping and assault and battery of a

high and aggravated nature (ABHAN).  Accordingly, we affirm pursuant to Rule 220(b), SCACR, and the following authorities: *Sanders v. S.C. Dep't of Corr.*, 379 S.C. 411, 417, 665 S.E.2d 231, 234 (Ct. App. 2008) ("Although this court shall not substitute its judgment for that of the AL[C] as to findings of fact, we may reverse or modify decisions which are controlled by error of law or are clearly erroneous in view of the substantial evidence on the record as a whole."); S.C. Code Ann. § 16-3-910 (2015) (providing an individual guilty of kidnapping "must be imprisoned for a period not to exceed thirty years"); S.C. Code Ann. § 16-1-90(A) (Supp. 2020) (providing kidnapping is a Class A felony); S.C. Code Ann. § 24-13-100 (2007) ("[A] 'no parole offense' means a class A, B, or C felony . . . which is punishable by a maximum term of imprisonment for twenty years or more."); S.C. Code Ann. § 24-13-150(A) (Supp. 2020) (requiring an inmate convicted of a no parole offense to serve at least eighty-five percent of his sentence before he is eligible for early release, discharge, or community supervision).  To the extent Primus argues SCDC has improperly denied him parole eligibility regarding his consecutive sentence for ABHAN, Primus failed to present any evidence in support of this contention.  *See Conran v. Joe Jenkins Realty, Inc.*, 263 S.C. 332, 334, 210 S.E.2d 309, 310 (1974) ("The burden of proof is on the appellant to convince [an appellate court] that the [ALC] was in error.*"); Major v. S.C. Dep't of Prob., Parole & Pardon Servs.*, 384 S.C. 457, 468, 682 S.E.2d 795, 801 (2009) ("[I]f the consecutive sentence is a non-parolable offense then its sentence must be served and credited first against the aggregated sentence.  This is necessary to give effect to the legislative grant of parole eligibility on the parole-eligible offense.").[1]

---

[1] As to Primus's arguments he may not have been afforded the proper credit for time served and that he suffered harm because for fourteen years his ABHAN sentencing sheet improperly reflected he pled guilty to ABHAN rather than was found guilty following a trial, these issues are not preserved for appellate review because they were not raised to SCDC in his grievances at issue in this appeal.  *See Gatewood v. S.C. Dep't of Corr.*, 416 S.C. 304, 324, 785 S.E.2d 600, 611 (Ct. App. 2016) ("An issue that is not raised to an administrative agency is not preserved for appellate review by the ALC."); *Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the [ALC] to be preserved for appellate review.").

**AFFIRMED.**[2]

**THOMAS, GEATHERS, and VINSON, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.